FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 31 2021 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND WADE,

        Petitioner,

    -against-

SUPERINTENDENT M. ROYCE,

        Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-CV-171 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Raymond Wade ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for manslaughter in the first degree in the Supreme Court of the State of New York, County of Nassau (the "trial court"). On this petition, Petitioner raises several claims:

- Insufficiency of the evidence
- Failure to provide the jury with a charge on circumstantial evidence
- The admissibility of Petitioner's statements given that he had on his person a letter from an attorney indicating that he was represented, and
- Ineffective assistance of counsel, largely predicated on the other grounds cited.

Docket Entry ("DE") 1. Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

1

## I. BACKGROUND

A review of the petition, filings by the Petitioner and the Respondent and the state court record reveals that the Petitioner was convicted by a jury after trial, during which trial the prosecution introduced evidence including eyewitness testimony, crime scene video footage from security cameras, evidence of electronic communications between Petitioner and the perpetrator of the stabbing, and incriminating, inconsistent and falsely exculpatory statements made by the Petitioner. DE 1, 10, 12.

Following the conviction, Petitioner was sentenced to a determinate sentence of twenty years' incarceration. *Id.*

The petitioner pursued an appeal in the state court system; the Appellate Division denied claims based upon the sufficiency of the evidence, found that his claim based upon the failure to give a circumstantial evidence charge and prosecutorial comments purportedly regarding the burden of proof were unpreserved and that these claims, along with claims of ineffective assistance and the admissibility of Petitioner's statements to the police were meritless. *People v. Wade*, 81 N.Y.S.3d 205, 206 (2d Dep't 2018), *leave to appeal denied*, 32 N.Y.3d 1116 (2018). The Petitioner then filed a Writ of Coram Nobis, seeking relief based on the purported failure of the trial court to follow the state law *O'Rama* procedure and a claim of ineffective assistance of counsel, which was denied. *People v. Wade*, 107 N.Y.S.3d 894 (2d Dep't 2019).

## II. Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the

2

independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

## III. DISCUSSION

As noted, petitioner seeks habeas relief on the following grounds: insufficiency of the evidence, failure to provide the jury with a charge on circumstantial evidence, the admissibility of Petitioner's statements and ineffective assistance of counsel. Even affording the petition the solicitous treatment accorded to *pro se* pleadings, none of the grounds support habeas relief. Some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground, including claims regarding jury instruction issues[1] and evidentiary rulings.[2] To the extent that factually-based claims were fully considered by the state court, *People v. Wade*, 81 N.Y.S.3d at 205, such determinations must be given deference by this Court under the AEDPA. The Court finds no error regarding the determinations concerning the admissibility of the defendant's statements,

---

[1] *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) (jury instruction argument in habeas petitions generally rooted in state law). Here, the complained of error – the failure to provide a circumstantial evidence instruction – would be harmless as the prosecution's case consisted of both direct and circumstantial evidence.

[2] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir.2006)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Such claims do not constitute constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

given that the evidence of record demonstrates that Petitioner waived his Miranda rights and the police did not discover the subject attorney letter until well after the statements were made. Furthermore, Petitioner cannot proceed on claims that are were not fully exhausted and hence subject to the procedural bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner's challenge to the sufficiency of the evidence fails to meet the "doubly deferential" standard applied to the determinations of the jury and the state courts.[3] Finally, based on these considerations, Petitioner's claim of ineffective assistance of counsel does not warrant relief.[4]

Thus, the petition is denied in its entirety.

**IV. CONCLUSION**

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED.  A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights.  *See* 28 U.S.C. § 2253(c)(2).  The Court certifies that any appeal of this Order as to those issues would not be

---

[3] "When a federal habeas petition challenges the sufficiency of the evidence to support a state-court conviction, AEDPA establishes a standard that is 'twice-deferential.'  A state court directly reviewing a jury verdict of guilty must, consistent with United States Supreme Court precedent, view the evidence in the light most favorable to the prosecution and must not uphold a challenge to the sufficiency of the evidence if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. And the federal court in a habeas proceeding may not ... overturn the state-court decision rejecting a sufficiency challenge ... unless the decision was objectively unreasonable.  In sum, *Jackson* [*v. Virginia*, 443 U.S. 890 (1979)] leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts, and on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Santone v. Fischer*, 689 F.3d 138, 148 (2d Cir. 2012) (alterations omitted).

[4] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (citation omitted).

taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: March 31, 2021
       Central Islip, New York

                                                      /s/Gary R. Brown
                                                      HON. GARY R. BROWN
                                                      UNITED STATES DISTRICT JUDGE